270 P.2d 115]

[Civ. No. 8457. Third Dist. May 18, 1954.]

EUNICE D. HANKS et al., Respondents, v. BASIL BURTON BEAGLE, Appellant.

Alfred E. Frazier for Appellant.

Stanley Pugh and Donald B. Webster for Respondents.

VAN DYKE, J.—This case is closely related to the prior case of *Beagle* v. *Hanks et al.,* Civil No. 8271, in which an opinion was this day filed (*ante,* p. 298 [270 P.2d 113]). The action of *Beagle* v. *Hanks et al.* was filed on March 12, 1951. It was tried in September of that year and judgment was rendered March 5, 1952. By that judgment it was decreed that the plaintiff therein was not the owner of the real property involved in these actions, except insofar as he could claim under the contract of sale whereunder he went into possession. On April 4, 1952, after the rendition of said judgment, this action was begun by the brothers and sisters of Basil Burton Beagle, plaintiff in the prior suit. By their complaint they alleged the making of the contract between defendant herein and his father, which contract was involved in the prior action. They further alleged that the defendant had repudiated that contract by filing and prosecuting said prior action, wherein he sought to establish title by prescription. The trial court found that said contract had been so repudiated and was subject to termination for that reason. An interlocutory judgment was entered which, while declaring the contract was subject to termination, nevertheless extended to defendant Basil Burton Beagle an opportunity

( 873 )

to complete his purchase of the real property on payment of the balance of the principal within the time fixed by the interlocutory judgment. Defendant and appellant herein appealed from only so much of that interlocutory judgment as decreed that the purchase contract was subject to termination. In his briefs in support of his appeal he stated to this court that if we should determine that his appeal in the other action was not well taken and should affirm the judgment therein he then desired to take advantage of that portion of the interlocutory judgment herein, enabling him to complete the purchase of the property. We have affirmed said judgment in the prior action, and as we understand appellant's position in this action he desires that, since we have done so, we also affirm the judgment herein appealed from. For these reasons we do not examine into the merits of the appeal. The judgment is affirmed.

Peek, J., and Schottky, J., concurred.